## RODRIGUES v. EDWARDS.

District Court, S. D. New York. July 8, 1929.

David A. Buckley, Jr., of Washington, D. C. (Dean Hill Stanley and Alfred C. Frodel, both of Washington, D. C., of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

KNOX, District Judge. Consideration of the stipulated facts of this case constrain the court to direct a verdict in favor of the defendant. Plaintiff's practice seems to have been to compute his annual income tax on an accrual basis. At least, he did so for the year in question, and such procedure, not only as to that portion of his salary as was received in cash, but also as to the extra compensation

to which he became entitled under his contract, and which he had agreed to use in purchasing stock of Champlain Silk Mills, was correct.

The last sentence of the "Third" stipulation of the contract provided that: "The remainder (of the profit of the corporate business for a particular year) shall be for the purpose of this agreement regarded as the final net profit, and the employé shall be entitled to a sum equivalent to the said two percent of the said final net profit."

The fact that plaintiff had bound himself to invest two-thirds of such 2 per cent. of the corporation's net profit in its common capital stock, which, during the term of his employment, was to be held in trust, does not entitle the amount of the investment to be treated as something other than income. The number of shares of stock that was purchasable with plaintiff's share of the net profits for the year 1919 became certain and definite, and he became possessed of a fixed property right therein. Presumably, also, the stock, irrespective of the limitations upon it, was worth its cost, and the trust receipt or certificate under which it was held by the trustees was at the disposition of plaintiff. So far as appears, the number of shares of stock which was represented by that certificate was not subject to diminution as a result of losses in the business that might be suffered in following years, even though the net profits to which plaintiff might become entitled in a subsequent year were liable to be affected by the corporate losses, if any, in the immediately preceding year. Subsequent losses might, too, indeed doubtless would, affect the value of plaintiff's right to the stock in the corporation; but this possibility was nothing more than an incident that is common to the ownership of any corporate security. The marketability of plaintiff's stock interest was also restricted by the terms of the trust in which it was placed, but this circumstance was nothing more than a consequence of the agreement that plaintiff chose to make for reasons which he considered advantageous to himself. A circumstance of similar character would have attached itself to a voluntary investment of plaintiff's earnings, had he chosen to make it, in the stock of any corporation that was affected by a trust which in any way restricted the freedom of action of the owner of the stock. I can see no good reason for treating the profits of the business with which plaintiff purchased the security which he was content to buy as anything other than

income for the year in which the purchase was made.

An order will be passed directing a verdict for the defendant.